RICHARD E. and EVELYN J. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 8116-76.
United States Tax Court
T.C. Memo 1978-64; 1978 Tax Ct. Memo LEXIS 447; 37 T.C.M. (CCH) 325; T.C.M. (RIA) 780064; February 22, 1978, Filed Richard E. Smith, pro se. Mary Helen Weber, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined a deficiency of $1,663.37 in petitioners' 1973 Federal income taxes. Concessions having been made, the only issue remaining is whether petitioner may deduct certain expenditures made to recondition a 1957 Ford Thunderbird Classic automobile. FINDINGS OF FACT This case was partially stipulated. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by reference. Petitioners Richard E. and Evelyn J. Smith filed a joint Federal income tax return for 1973 with the District Director of Internal Revenue in Cincinnati, Ohio. When they filed their petitions with this Court, petitioners resided in Xenia, Ohio. In 1972, petitioner Richard E. Smith (hereafter petitioner) purchased a 1957 Ford Thunderbird Classic automobile for $400. Petitioner then began the tedious, expensive *449 task of restoring the automobile to its original condition. In doing so, petitioner wrote the following checks during 1973: Name
Amount
Ken Cole Ford
$1,368.52
Masters Body Shop
2,553.16
Tee Boyd Products
91.45
Detroit Tire
302.75
Western Auto
2.98
Parts Deposit
16.74
J. C. Whitney Company
20.89
Miller Plating
55.00
Plater Service
170.00
Russ Killmer
10.00
Busses Garage
98.33
Kar Gard
20.00
Xenia Iron and Metal
10.45
TOTAL
$1,720.27
At trial, petitioner testified that he had two reasons for purchasing and restoring the automobile. First, petitioner considered the project to be an investment. Second, he considered it to be a hobby. The record is otherwise devoid of evidence about the extent of those two reasons. Finally, petitioner testified that the work done on the car both added to its value and prolonged its useful life. Although the car was not sold by petitioner until 1977, when he sold it for $4,500, petitioner has claimed a "hobby loss" on the car for 1973 in the amount of $4,772. Apparently, the deduction is for the expenditures listed above, which were made to restore the car. Petitioner contends that he purchased and *450 restored the car in order to make a profit and, therefore, should be allowed the deductions. Respondent contends that restoration was not done for profit and that, in any event, the expenditures are capital in nature and, therefore, are not currently deductible. OPINION Generally, no deduction is allowed for expenses attributable to an activity not engaged in for a profit. Section 183(a). [1] The term "activity not engaged in for a profit" means any activity other than one for which deductions are allowable under section 162 or 212. Section 183(c). Section 162 allows deductions for ordinary and necessary expenses paid or incurred in carrying on any trade or business.Section 162(a). Section 212(1) and (2) allows deductions for ordinary and necessary expenses paid or incurred for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. The determination of whether petitioner's activity was engaged in for a profit is to be made by reference to objective standards, taking into account all the facts and circumstances involved. Section 1.183-2(a), Income Tax Regs. And the burden of proof is on petitioner. *451 Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
There is nothing in the record to suggest that petitioner was engaged in the trade or business of automobile restoration; and petitioner did not argue such at trial.On the contrary, petitioner admitted that he knew little or nothing about the mechanics of car restorations and personally did very little work on the car. Thus we find nothing to support the claimed deduction under section 162. In addition, petitioner has offered little proof that the motive for the purchase and restoration of his automobile was profit. Only his testimony that he considered the automobile an investment favors his position; yet he also testified that he considered the restoration project to be a hobby. Although his enjoyment should not preclude the deductions sought, petitioner has completely failed to establish that he entered into the activity for a profit. There is nothing in the record to indicate whether he entered into and carried on the project in a businesslike manner, for example, *452 or what return he expected to make on the car. See section 1.183-2(b)(1) and (4); section 1.212-(1)(c), Income Tax Regs. See also Lyon v. Commissioner,T.C. Memo. 1977-239. Moreover, none of the other factors listed in section 1.183-2(b), Income Tax Regs., seems to favor petitioner. Although those factors are not determinative of a profit motive, there is nothing but petitioner's ambiguous testimony to support his position. Furthermore, prior to January, 1977, almost five years after the purchase and restoration of the car, petitioner still had not sold it. Certainly, if petitioner had restored the car for profit, he would have sold it as soon as possible after restoration. Yet the record is devoid of any explanation for holding the car for so long; neither is there any proof of unsuccessful attempts to sell it. In sum, we think petitioner has failed to meet his burden of proof. Because we hold the expenditures for restoration of the automobile to be nondeductible under section 183(a), we need not consider respondent's alternate contention that the expenditures are nondeductible, capital expenditures. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise stated.↩